JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM            Date: July 8, 2021

Title: APL MICROSCOPIC, LLC v. DAVID A. STEENBLOCK, D.O., INC., et al

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [19]**

Before the Court is a Motion to Dismiss (Dkt. 19) ("Motion" or "Mot.") brought by Defendant David A. Steenblock, D.O., Inc. ("Defendant" or "Steenblock, Inc."). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 715. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Defendant's Motion.

### I. Background

### A. Facts

This case involves claims of copyright infringement. Plaintiff APL Microscopic, LLC ("APL") alleges that Steenblock, Inc. and Dr. David A. Steenblock, D.O. ("Dr. Steenblock") (collectively "Defendants") infringed its copyrighted photographs. Amended Complaint (Dkt. 16) ("Am. Compl.") ¶ 1. The infringement allegedly occurred on Facebook and Instagram pages that were allegedly operated by Defendants. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM　　　　　　　　　　　　　　　　　　　Date: July 8, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

　　　　APL's principal is Andrew Paul Leonard ("Leonard"). Leonard is a skilled and experienced creator of microscopic art. Steenblock, Inc. is a medical practice whose lead doctor is Dr. David Steenblock, D.O., an industry leader in the use of stem cells to promote health and regenerative health benefits. Steenblock, Inc. conducts its marketing on its website at https://strokedoctor.com/ and maintains a related Facebook web page titled, "Dr. Steenblock—Regenerative Medicine," located at https://www.facebook.com/personalizedregenerativemedicine/. Mot. at 2.

　　　　APL claims that it discovered its artwork on Defendants' Facebook and Instagram pages on August 8, 2019. Am. Compl. ¶ 22. APL sent Defendants a demand letter on August 22, 2019. *Id*. ¶ 24. On February 28, 2020, Steenblock, Inc. identified that the photos that APL specified were photos of stem cells on the internet published under the name "Stem Cell Medical Solutions" and affirmed that the site operating under that name had nothing to do with Steenblock, Inc. or Dr. Steenblock. Mot. at 2. In addition, in the same correspondence, Steenblock, Inc. clarified APL's mistake by identifying a link to Steenblock, Inc.'s website, informing APL that none of the photos that Plaintiff identified were a part of Steenblock, Inc.'s website and that Dr. Steenblock had never used the images for any purpose. *Id*. Steenblock, Inc. commented that the photos were beautiful and asked how much APL would charge for using them. Declaration of John van Loben Sels ("JvLS, Decl.") (Dkt. 19-1), Ex. A. APL did not follow up on this inquiry regarding a potential licensing arrangement and instead filed its initial Complaint alleging copyright infringement.

### B.　Procedural History

　　　　On February 3, 2021, Plaintiff filed its Complaint against Defendant, alleging direct copyright infringement, removal of copyright management information, vicarious copyright infringement, and contributory copyright infringement. Complaint ("Compl.") (Dkt. 1) ¶ 1. On March 23, 2021, Steenblock, Inc. sought an extension of time to respond to the Complaint so Steenblock, Inc. could properly investigate the allegations in that Complaint. Accordingly, on March 25, 2021, the Parties filed a joint stipulation to extend Steenblock, Inc.'s time to respond to the Complaint by thirty (30) days until May 3, 2021. Stipulation Extending Time to Answer the Complaint (Dkt. 12). On April 23, 2021, Steenblock, Inc. sent APL a meet and confer letter pursuant to L.R. 7-3 concerning the deficiencies in the Complaint. JvLS, Decl., Ex. B. During the Parties' conference, APL agreed to amend its Complaint, and on May 3, 2021, the parties jointly filed a stipulation by which APL would file its Amended Complaint on or before May 7, 2021. Stipulation to Amend the Complaint (Dkt. 14).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM                                                                               Date: July 8, 2021

Page 3

On May 5, 2021, APL filed the Amended Complaint. Am. Compl. On June 2, 2021, Defendant filed the instant Motion to Dismiss these claims and Memorandum of Law in Support of Motion to Dismiss. Mot. at 1. Plaintiff filed the Opposition (Dkt. 22) ("Opp'n.") on June 21, 2021. On June 28, 2021, Defendant filed the Reply (Dkt. 24) ("Reply") in support of its Motion to Dismiss.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the Complaint and material properly submitted with the Complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM　　　　　　　　　　　　　　　　　　Date: July 8, 2021

Page 4

655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III.　Discussion

In the instant Motion, Defendant argues that this Court should dismiss Plaintiff's claims since Plaintiff lacks standing to bring forth the Complaint and Plaintiff fails to plead a valid cause of action. Mot. at 1. Defendant also contends that Plaintiff should not be granted leave to amend its already Amended Complaint. *Id*. The Court addresses these arguments in turn.

### A.　APL's Standing to Bring the Complaint

Defendant successfully rebuts the presumption that APL is the valid owner of the copyright in dispute. "Section 501(b) of the 1976 Copyright Act states that the 'legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the [registration requirement], to institute an action for any infringement of that particular right committed while he or she is the owner of it.'" 17 U.S.C. § 501(b).

While Plaintiff is correct that copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certificate," it fails to satisfy its burden of proof that the copyright is registered to APL. 17 U.S.C. § 410(c); *see also United Fabrics Intern., Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). In Plaintiff's referenced exhibit, the copyright registration form states explicitly that the copyright was registered to Andrew Paul Leonard and not to APL Microscopic, LLC. Am. Compl., Ex. 3 (Dkt. 16-3). If Leonard was, in fact, the original registrant of the copyright, then Plaintiff needs to show that Leonard transferred ownership in the copyright to APL. *See Payne v. Manilow*, 2018 U.S. Dist. LEXIS 219664, at *14 (C.D. Cal. Oct. 29, 2018) (the copyright infringement plaintiff "must be able to demonstrate an unbroken chain of title showing transfer of ownership from the original owner to Plaintiff to prevail on his claim"). However, Plaintiff presents no such evidence. Indeed, Plaintiff acknowledges in its Amended Complaint that APL can only have standing to sue if Leonard assigned his copyrights to APL, but Plaintiff does not offer evidence to show that such assignment occurred. Am. Compl. ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM						Date: July 8, 2021

Page 5

Accordingly, the Court does not find that Plaintiff has standing to bring forth the Complaint.

### B. Direct Copyright Infringement

Plaintiff also fails to state a valid claim for direct copyright infringement. "To establish a prima facie case of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act." *AJ Mgmt. Consulting, LLC v. MBC FZ-LLC*, 2014 WL 2878891 at *8 (N.D. Cal. June 24, 2014) quoting *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011) (internal quotations omitted). Plaintiff is unsuccessful in establishing either of these elements.

As discussed, Defendant successfully rebuts any presumption that Plaintiff holds a valid copyright in the disputed works. Additionally, Plaintiff fails to plead enough facts to suggest that Defendant infringed on one of the disputed works. Plaintiff alleges that Defendant infringed on its copyrights by using its works without permission on promotional Facebook and Instagram pages and that Defendant operated these promotional pages since they included links to Defendant's website. Am. Compl. ¶ 1-44. These allegations are no more than conclusory and are based on mere speculation. Any layperson can create a Facebook or Instagram page and include links on those pages to third-party websites. Defendant consistently attempted to correct Plaintiff's misguided belief that Defendant operated the allegedly infringing Facebook and Instagram pages. JvLS Decl., Exs. B-C; Am. Compl. ¶ 6. Still, Plaintiff refused to acknowledge these objections or inquire any further into who the actual infringer was. *Id*. When Defendant later expressed interest in Plaintiff's works and paying to license these works, Plaintiff immediately filed suit rather than discussing a potentially lucrative deal. *Id*. Because, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (*Papasan v. Allain*, 478 U.S. 265, 286 (1986)) and "the pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (*Twombly*, 127 S.Ct. at 1964-65 ), APL's conclusory allegations regarding ownership of the allegedly infringing web pages fail to state a plausible claim for relief.

Accordingly, the Court GRANTS the Defendant's Motion under Rule 12(b)(6) to Dismiss the claim regarding direct copyright infringement.

### C. Violation of 17 U.S.C. § 1202(b)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM             Date: July 8, 2021

Page 6

APL is unsuccessful in stating a valid claim for violation of 17 U.S.C. § 1202(b). "§ 1202 creates liability for persons who either: (1) 'intentionally remove or alter any copyright management information [CMI],' without the authority of the copyright owner or the law, 'knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement'; or (2) distribute CMI 'knowing that the [CMI] has been removed or altered without authority of the copyright owner or the law.'" *Gardner v. CafePress Inc.*, 2014 WL 7183704, at *9 (S.D. Cal. Dec. 16, 2014).

Once again, Plaintiff merely submits conclusory allegations that Defendant altered the copyright management information on Plaintiff's works but fails to provide enough facts about how this occurred. Plaintiff continues to exclusively rely on the premise that Defendant violated Section 1202 by operating the disputed Facebook and Instagram pages which featured altered versions of Plaintiff's images. Am. Compl. ¶ 45-51. However, this argument is implausible and unsuccessful for the same reasons that the direct infringement claim is unsuccessful. In this argument, Plaintiff merely replicates the facts outlined in its direct infringement claim and recites the elements of a Section 1202 violation. "Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Brown v. Stroud*, 2011 WL 2600661, at *5 (N.D. Cal. June 30, 2011) (dismissing claim under 17 U.S.C. § 1202(b)).

Accordingly, the Court GRANTS the Defendant's Motion under Rule 12(b)(6) to Dismiss the claim regarding violation of 17 U.S.C. § 1202(b).

### D. Vicarious Copyright Infringement

Plaintiff also fails to state a valid claim for vicarious copyright infringement. Vicarious infringement occurs when one "profit[s] from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 930 (2005). To establish vicarious infringement, a plaintiff must prove that the defendant had (1) the right and ability to supervise or control the infringing activity; and (2) a direct financial interest in such activities. *Grokster*, 545 U.S. at 930 & n.9; *Am. Tel. and Tel. Co. v. Winback and Conserve Program*, 42 F.3d 1421, 1441 (3d Cir. 1994) (reciting similar standard).

First, Plaintiff cannot successfully prove vicarious copyright infringement since such claims require actual direct infringement to have occurred. As discussed, there is no plausible evidence of direct copyright infringement; therefore, Plaintiff's claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM						Date: July 8, 2021

Page 7

vicarious infringement should also fail. Moreover, Plaintiff's claim for vicarious copyright infringement fails since there is no substantial evidence suggesting that Defendant had the right and ability to supervise the allegedly infringing activity. Plaintiff correctly cites that vicarious infringement occurs where a "defendant's 'pervasive participation in the formation and direction' of the direct infringer['s]" activity supports a finding that "defendants were in a position to police the direct infringers." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262-63 (9th Cir. 1996). However, nothing from the record indicates that Defendant had "pervasive participation in the formation and direction" of the disputed Facebook and Instagram pages' activities. Although Defendant's URL was listed on the social media pages, this evidence alone does not conclusively demonstrate that Defendant participated in the formation of the pages or that the pages were anything more than a phishing scheme. *See* Opp'n. at 16-17.

Accordingly, the Court GRANTS the Defendant's Motion under Rule 12(b)(6) to Dismiss the claim regarding vicarious copyright infringement.

### E. Contributory Copyright Infringement

Finally, Plaintiff fails to allege enough facts to demonstrate that contributory copyright infringement exists. To establish a claim of contributory infringement, a plaintiff must show: (1) a third party directly infringed the plaintiff's copyright; (2) the defendant knew that the third party was directly infringing; and (3) the defendant materially contributed to or induced the infringement. *See Gershwin Pub. Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 ("[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.").

As discussed, Plaintiff fails to state a plausible claim that any direct infringement occurred and therefore does not satisfy the first element of proving contributory infringement. Moreover, Plaintiff does not present any facts that support its conclusion that Defendant is liable for contributory infringement for the "publication and/or distribution of the Works *on his websites*." Am. Compl. ¶ 65 (emphasis added). While most of Plaintiff's earlier claims and arguments are premised on the idea that Defendant copied Plaintiff's works and used them on social media pages, this contributory infringement claim relies on facts that Plaintiff has not adequately pleaded. Specifically, Plaintiff has not described how or when Defendant allowed for publication or distribution of Plaintiff's artworks on Defendant's website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00356-DOC-DFM                                         Date: July 8, 2021

                                                                                            Page 8

    Accordingly, the Court GRANTS the Defendant's Motion under Rule 12(b)(6) to Dismiss the claim regarding contributory copyright infringement.

    Plaintiff's claims should also be dismissed without leave to amend the Complaint. Defendant already pointed out critical flaws in Plaintiff's initial Complaint, and Plaintiff failed to fully address these issues with its Amended Complaint. "[A]lthough leave to amend should be liberally granted, the Amended complaint may only allege 'other facts consistent with the challenged pleading." In its Amended Complaint, Plaintiff failed to clarify its initial pleading and instead included inconsistent facts regarding its claim of ownership and its claims of infringement. *See* Opp'n. at 24-25. Therefore, Plaintiff's claims shall be dismissed with prejudice.

## IV.   Disposition

    For the reasons explained above, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

    The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                         Initials of Deputy Clerk
CIVIL-GEN